John Kozakiewicz and Johanna Kozakiewicz, Appellees, v. Albert F. Hammann, Trading as Hammann Mortgage and Bond Organization, Appellant.

Gen. No. 36,650.

Opinion filed February 7, 1934.

ARTHUR J. HUGHES, for appellant; FRANK MICHELS, of counsel.

C. C. H. ZILLMAN and LOWES & LOWES, for appellees.

Mr. Justice Wilson delivered the opinion of the court.

Plaintiffs recovered a judgment against the defendant on a check dated March 31, 1926, in the sum of $4,040.41, upon which payment had been stopped on April 6, 1926. Suit was started by the plaintiffs upon this check five years after its issuance and nearly five years after payment had been stopped. No satisfactory explanation for the delay in bringing the action appears from the record and this fact is in itself so incomprehensible to the ordinary mind, that a court necessarily would feel called upon to scrutinize the claim closely and to search the record for the purpose of ascertaining whether or not the defendant had been fully protected in its defense of the action. Evidence which might otherwise be obtainable often becomes lost after the lapse of time.

It appears that on March 2, 1926, the plaintiff, Johanna Kozakiewicz, made a written application to the defendant for a real estate loan for the sum of $15,000 upon property located in Chicago. The application was signed in her name by Louis W. Mack, her attorney. In the entire transaction it appears that Mack acted for and on her behalf as agent in the transaction, and the defendant dealt with him as such. There was already upon the property a $10,000 loan and the $15,000 loan was to take this loan up and the balance to go to the plaintiff. The deal was made and the first check issued March 31, 1926. For some reason which does not clearly appear, payment on this check was stopped and a second check issued which was cashed by Mack, plaintiffs' agent. The check, however, bears Johanna Kozakiewicz's indorsement as well as that of her husband, John Kozakiewicz, also a plaintiff in this suit, and the indorsement of Mack. The check was duly paid by the bank. It appears that the proceeds of the check were paid to Mack and, ac-

cording to his testimony, he in turn paid it over to the plaintiffs in this action. This was one of the defenses and, if true, of course would be a complete defense to the action as the consideration for check number 1 was the same as for check number 2. Plaintiffs contend that the signatures were forgeries, although the plaintiff Johanna Kozakiewicz did not testify that it was not her signature. An expert witness was placed upon the stand who testified that in his opinion her signature was a forgery.

Mack, called as a witness for the defendant, testified that he had paid the entire amount of the money as shown by the second check to the plaintiffs and produced a check dated April 30, 1926, in the sum of $1,000 (defendant's Exhibit No. 4) payable to Mrs. Johanna Kozakiewicz and bearing her indorsement. Plaintiff testified that she had never seen this check referring to defendant's Exhibit No. 2.

As one of the grounds for a new trial, defendant produced an affidavit showing that since the trial an examination of the records of the Northwestern Trust & Savings Bank showed that this $1,000 check (bearing indorsement of plaintiff) had, in fact, been deposited in that bank to the account of Dr. Leon Kozakiewicz, a son of the plaintiffs. It appears that this check was produced by Mack for the defendant on the first day of the trial, and that the following day was an election day and the bank was in the hands of a receiver and it was necessary to make a complete examination of the records in order to find this particular item.

The plaintiff on cross-examination testified that she had no dealings with a bank at Genoa, Wisconsin. An affidavit of an officer of that bank, offered in support of a new trial, stated that this was in fact not true; that she had had dealings with the bank on several occasions.

In view of the fact that the defendant had lost valuable rights by reason of the delay in bringing the law suit, the court might well have considered these affidavits even though cumulative. This, however, was a matter of discretion and would not in and of itself justify a reversal.

More serious objections are found, however, in the proceedings. In the course of the argument by counsel for the plaintiffs, he stated that it had developed from the testimony of the witness Mack that there was a' surety company back of the entire proceedings and that these surety companies are for the purpose of guaranteeing loss against forged signatures. This was error. There was no evidence in the record to justify this statement. Mack was asked whether he had something to do with the National Surety Company and stated that he did not know whether it, the insurance company, had indemnified the defendants.

The court instructed the jury that, as a matter of law, in order to pass title to a check from the payee to a third party, it was necessary that it be indorsed and delivered by the payee and that if they believed from the evidence that the names of the plaintiffs appearing on the back of the check were not written by the plaintiffs or anyone authorized by them so to do and the plaintiffs did not get the money, their verdict should be for the plaintiffs. This suit was not on the second check but on the first one still held by plaintiff. This was a peremptory instruction. An instruction peremptory in its character should contain all the facts. The fact of the issuance of the first check by the defendant, and its receipt by plaintiff should have put plaintiff on notice.

The holder of a check should exercise his right to obtain payment on the same within a reasonable time after its issuance to him as payee. The fact that it was presented and payment stopped when an attempt was

made to cash the check should at once place the payee upon inquiry. The time elapsing from the failure to receive payment upon presentation and the starting of the suit was of such an extent as to throw upon the plaintiff the burden of excusing the delay. Even the forgery of plaintiff's name on the second check was not an absolute defense to the first. Moreover, an instrument dated November 3, 1928, being an instrument signed by the plaintiff, Johanna Kozakiewicz, appears to have been a settlement in full of all matters between herself and Louis Mack and a receipt for all papers, documents, deeds and other things and a release in full of all claims to date. This document strongly bears out the testimony of the witness Mack, agent of the plaintiff, to the effect that the moneys had been paid by him to his principal.

Under the view we take of the facts and in view of the error in the argument of counsel and the giving of instructions, we are of the opinion that there should be a new trial and for that reason the judgment of the circuit court is reversed and the cause remanded.

*Judgment reversed and cause remanded.*

HALL, P. J., and HEBEL, J., concur.